FIRST NATIONAL BANK OF McVILLE, NORTH DAKOTA, Appellant, v. MRS. JOHN RIDEN, Respondent.

(194 N. W. 336.)

**Chattel mortgages — evidence held to sustain finding for defendant in foreclosure.**

In an action upon a promissory note and to foreclose a chattel mortgage where the issue involved concerned the question whether a note and mortgage have been surrendered and canceled by the taking of a new note and mortgage, it is *held*, for reasons stated in the opinion, that the findings of the trial court are well supported by the evidence.

Opinion filed June 23, 1923. Rehearing denied July 6, 1923.

Chattel Mortgages, 11 C. J. § 485 p. 695 n. 80.

In District Court, Stutsman County, *Jansonius, J.*
Action upon a promissory note and to foreclose a chattel mortgage. Plaintiff has appealed from a judgment in defendant's favor.
Affirmed.
*W. J. Courtney,* for appellant.
*C. B. Craven,* for respondent.

BRONSON, Ch. J. This is an action upon a promissory note and to foreclose a chattel mortgage. The facts are: On September 27th, 1918, defendant made a note for $700 to the Citizens State Bank of Pingree and secured the same by chattel mortgage upon certain cattle. On October 1st, 1919, the note involved in this action, namely, a note for $780 in renewal of such $700 note and interest, was made to such bank by defendant and a new chattel mortgage given as security. This latter note and mortgage were purchased on November 12, 1919 by plaintiff bank. On December 1st, 1920, another note for $780 and chattel mort-

gage were made by defendant to plaintiff although made payable to such Citizens State Bank. It renewed the previous note for $780. This note bears an indorsement of $200 paid January 13th, 1921. On April 13th, 1921, another note for $697.44 was made by defendant and her husband to plaintiff bank. This was pursuant to a letter of plaintiff bank to defendant which letter submitted a statement of notes at the plaintiff bank signed by defendant and inclosed such new note for her signature. This new note covered the balance due, namely, $580 on the previous note, together with interest. The husband of defendant on May 1st, 1921, made to plaintiff bank a note for $900. On October 19th, 1921, at defendant's home, a new note for $1,600 combining into one note the previous notes of $900 and $697.44, was made by defendant and her husband to plaintiff bank. A new chattel mortgage was executed to secure the same covering practically all the personal property of defendant and her husband. Defendant's testimony is to the effect that at that time a full settlement was had of all indebtedness then existing between her and plaintiff bank; then the note for $780, involved herein, was surrendered; likewise the notes, for $780, dated December 1st, 1920; for $697.44, dated April 13th, 1921; and for $900, dated May 1st, 1921. Defendant found the original $700 note among her papers. She understood that it was satisfied as well as the chattel mortgage when the first note for $780 and chattel mortgage were given. The testimony of plaintiff through some of its officers is to the effect that this note for $780 must have been left unintentionally with defendant; that their practice was to retain an old note when accompanied by security as collateral to a new note, and all security possessed, until notes were ultimately paid; that the bank had no intention of surrendering this note and canceling the same. Plaintiff did not introduce into evidence the chattel mortgage which secured the note for $780 dated October 1st, 1919. It did introduce in evidence a chattel mortgage, dated December 1st, 1920, which secured the note for $780 dated December 1st, 1920. After trial to the court, findings were made to the effect that plaintiff on October 19th, 1921, received the note for $1,600 in full payment, satisfaction, and discharge of all debts and obligations then due and owing from defendant and her husband and that the note in suit had been paid, settled and discharged. Accordingly, judgment was entered dismissing plaintiff's action. From this

judgment plaintiff has appealed.    The contention is made that the renewal of the note and the taking of the new mortgage did not operate to release the old note and mortgage; that the evidence is insufficient to disclose any clear understanding or agreement so to release or cancel the old note.   The sufficiency of the facts to support the findings is the sole question presented.   Upon a review of these facts we are clearly of the opinion that the findings are well supported by the evidence.   The judgment is affirmed with costs to the respondent.

CHRISTIANSON, BIRDZELL, NUESSLE, and JOHNSON, JJ., concur.